UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-01392-SSS-DTBx | Date | July 8, 2024 |
| Title | Linda R. Johnson v. Costco Wholesale Corp., et al. | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Linda R. Johnson filed this personal injury lawsuit against Defendant Costco Wholesale Corporation and numerous Doe defendants. [Dkt. 1-1, Compl.]. On July 3, 2024, Costco timely removed the case to this Court, alleging diversity jurisdiction exists. [Dkt. 1, Notice of Removal at 2–3]. Relevant here, Costco alleges in conclusory fashion that the amount in controversy exceeds $75,000. [*Id.* at 2].

Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). For diversity jurisdiction to exist, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The party who invokes jurisdiction bears the burden of demonstrating its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

      Here, Costco's conclusory allegation that the amount in controversy exceeds $75,000 is insufficient to invoke diversity jurisdiction.  Accordingly, Costco is **ORDERED TO SHOW CAUSE** in writing why this case should not be remanded to San Bernardino Superior Court for lack of subject matter jurisdiction.  Costco's response is due **July 19, 2024.**  Johnson may file a response, if any, by **July 26, 2024**.  A hearing is set on this matter for **August 2, 2024**, at 1:00 p.m. via Zoom videoconference.

      **IT IS SO ORDERED.**