JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01392-SSS-DTBx | Date | August 21, 2024 |
|---|---|---|---|
| Title | Linda R. Johnson v. Costco Wholesale Corp., et al. | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER REMANDING THIS CASE BACK TO SAN BERNARDINO SUPERIOR COURT**

    Plaintiff Linda R. Johnson filed this personal injury lawsuit against Defendant Costco Wholesale Corporation and numerous Doe defendants.  [Dkt. 1-1, Compl.].  On July 3, 2024, Costco timely removed the case to this Court, alleging diversity jurisdiction exists.  [Dkt. 1, Notice of Removal at 2–3].  Relevant here, Costco alleges in conclusory fashion that the amount in controversy exceeds $75,000.  [*Id.* at 2].  Based on Costco's conclusory allegation, the Court ordered Costco to show cause why this case should not be remanded to San Bernardino Superior Court for lack of subject matter jurisdiction.  [Dkt. 9].  On July 19, 2024, Costco filed its response.  [Dkt. 11].  It states that it has served a Statement of Damages on Plaintiff, asking her to confirm the amount of damages exceeds $75,000.  [*Id.* at 1–2].  According to Costco, however, she has not responded.  Costco thus argues that "Plaintiff's failure to meet and confer over the amount in controversy coupled with the Unlimited Civil Action filed in Superior Court [i]s sufficient to meet the amount in controversy requirement."  [*Id.* at 2].

    Federal district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  For diversity jurisdiction to exist, the amount in controversy must exceed $75,000.  28 U.S.C.

§ 1332(a). This amount is generally determined from the face of the pleadings. *See Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). The party who invokes jurisdiction bears the burden of demonstrating its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Costco's conclusory allegation that the amount in controversy exceeds $75,000 is insufficient to invoke diversity jurisdiction. Moreover, Costco's suggestion that Plaintiff's failure to respond to the Statement of Damages coupled with the fact that the original complaint was an unlimited civil action is not enough to reasonably infer that the amount in controversy is met. Without more, Costco has failed to carry its burden of showing this Court has subject matter jurisdiction over this case. Accordingly, the Court **REMANDS** this case to San Bernardino Superior Court.

**IT IS SO ORDERED.**